UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUIGI TADDIO, et al.,

    Plaintiffs,

v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

Civil No. 98-2289 (JAF)

**OPINION AND ORDER**

Plaintiffs, Luigi Taddio and Aurora Fernández de Taddio, bring this action for damages pursuant to 42 U.S.C. § 1983 against Defendants, the Commonwealth of Puerto Rico; Carmen Feliciano de Melecio, Secretary of the Department of Health, in her official capacity; and the Hospital Regional de Bayamón ("Bayamón Hospital"). Plaintiffs are suing for damages incurred from the death of their son while he was a patient at the Bayamón Hospital.

Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**I.**

On November 1, 1997, the decedent received numerous stab wounds. At the time he incurred the wounds, decedent was a patient at the Bayamón Hospital. Given this course of events, Plaintiffs allege that Defendants, acting under color of law, callously and recklessly

Civil No. 98-2289 (JAF)                                                    2-

omitted to provide the requisite security measures at the Bayamón Hospital in violation of his rights under the United States and Puerto Rico Constitutions.

Defendants move to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), alleging immunity under the Eleventh Amendment. U.S. Const. amend. XI.

## II.

Under Rule 12(b)(6), a defendant may move to dismiss an action against him based only on the pleadings for "failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." <u>Washington Legal Foundation v. Massachusetts Bar Foundation</u>, 993 F.2d 962, 971 (1st Cir. 1993); <u>see also</u> <u>Coyne v. City of Somerville</u>, 972 F.2d 440, 442-43 (1st Cir. 1992). We then determine whether plaintiffs have stated a claim under which relief may be granted.

## III.

The Eleventh Amendment[1] bars suits in federal court against a state by its own citizens. Edelman v. Jordan, 415 U.S. 651 (1974). Even if a state is not a named party to the action, the suit may, nonetheless, be barred by the Eleventh Amendment. Fitzpatrick v. Bitzer, 427 U.S. 445 (1976). Using this framework, we begin with the Commonwealth. It is well established that the Commonwealth of Puerto Rico derives the full benefits of Eleventh Amendment immunity. Ortiz-Feliciano v. Toledo-Davila, 175 F.3d 37, 39 (1st Cir. 1999) (citing Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer Auth., 991 F.2d 935, 939 n. 3 (1st Cir. 1993)). Thus, the sole remaining inquiry is whether the Commonwealth has waived its Eleventh Amendment immunity. Plaintiffs do not assert and we find no indicia whatsoever that the Commonwealth has waived its immunity in this case. We, accordingly, dismiss all claims against the Commonwealth.

We now turn to the Bayamón Hospital. The relevant inquiry concerning the Bayamón Hospital is whether the entity is the alter-ego or an instrumentality of the state. The First Circuit has

---

[1]The Eleventh Amendment states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

Civil No. 98-2289 (JAF)                                                          4-

enumerated a non-exhaustive list of factors which are germane to this issue: including whether the entity (1) performs an "essential" or "traditional" governmental function, as opposed to a nonessential or merely proprietary one; (2) exercises substantial autonomy over its internal operations; (3) enjoys meaningful access to, and control over, funds not appropriated from the state treasury; (4) possesses the status of a separate "public corporation;" (5) may sue and be sued in its own name; (6) can enter into contracts in its own name; (7) has been granted a state tax exemption on its property; or (8) has been expressly debarred from incurring debts in the state's name or behalf. Univ. of Rhode Island v. A.W. Chesterton Co., 2 F.2d 1200, 1204 (1st Cir. 1993) (citing Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939, 940 (1st Cir. 1993); In re San Juan DuPont Plaza Hotel Fire Litigation, 888 F.2d 940, 942 (1st Cir. 1989); Ainsworth Aristocrat Int'l Pty, Ltd. v. Tourism Co. of Puerto Rico, 818 F.2d 1034, 1038 (1st Cir. 1987). The more closely the organization and the state are enmeshed, the more likely it is that the organization enjoys Eleventh Amendment immunity. Metcalf & Eddy, 991 F.2d at 940.

Looking to these factors, it becomes abundantly clear to us that Bayamón Hospital enjoys Eleventh Amendment immunity. The Bayamón Hospital is under the direction and supervision of the Department of Health of Puerto Rico. The Department of Health fully administers

Civil No. 98-2289 (JAF)                                                5-

and operates the Bayamón Hospital, in addition to providing its financial resources. As such, a judgment against the Bayamón Hospital would, in actuality, be a judgment against the Commonwealth of Puerto Rico. Such an action is prohibited. <u>Ford Motor Co. v. Department of Treasury of Ind.</u>, 323 U.S. 459, 462 (1945). We, accordingly, dismiss all claims against the Bayamón Hospital.

Our final inquiry is whether Defendant Carmen Feliciano de Melecio, in her official capacity as Secretary of the Department of Health, is immune from suit under the Eleventh Amendment. It is well-established law that a monetary suit in federal court against a state officer acting in her official capacity is barred by the Eleventh Amendment. <u>Wisconsin v. Schacht</u>, 524 U.S. 381, 118 S.Ct. 2047, 2050 (1998) (citing <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67, and n.14 (1985); <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978). As the Supreme Court stated:

> [W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

<u>Ford Motor Co. v. Department of Treasury of Ind.</u>, 323 U.S. 459, 462 (1945). Such immunity serves the purpose of protecting "[t]he societal interest in providing such public officials with the maximum ability to deal fearlessly and impartially with the public at large . . . . The point of immunity for such officials is to forestall an

Civil No. 98-2289 (JAF) 6-

atmosphere of intimidation that would conflict with their resolve to perform their designated functions in a principled fashion." Clinton v. Jones, 520 U.S. 681 (1997). Thus, we also dismiss the claims against Carmen Feliciano de Melecio in her official capacity. See Cory v. White, 457 U.S. 85, 91 (1982) (holding that suit against a state official was, in reality, a suit against state itself and, therefore, was barred regardless of whether damages or injunctive relief was sought).

### IV.

In accordance with the foregoing, we **DISMISS** Plaintiffs' claims against the Commonwealth of Puerto Rico, Bayamón Hospital, and Carmen Feliciano de Melecio. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8TH day of August, 1999.

JOSE ANTONIO FUSTE
U. S. District Judge

AO 72
(Rev 8/82)